**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HACKENSACK RIVERKEEPER, INC., RARITAN BAYKEEPER, INC. (d/b/a NY/NJ BAYKEEPER), WILLIAM SHEEHAN and ANDREW WILLNER, Plaintiffs, v. DELAWARE OSTEGO CORP., THE NEW YORK, SUSQUEHANNA & WESTERN RAILWAY CORP., MILLENNIUM RESOURCE RECOVERY, LTD., CROSSROADS RECYCLING, INC., RAILTECH, L.L.C., ONTRACK LOADING CO., INC., (d/b/a ONTRACK LOADING CO., L.L.C. AND LIBERTY CONTRACTING), CARDELLA TRUCKING CO., INC., and CARDELLA WASTE SERVICES OF NEW JERSEY, INC. Defendants. | Civil Action 05-4806 (DRD)  **OPINION** |

Appearances by:

RUTGERS ENVIRONMENTAL LAW CLINIC
Carter Strickland, Esq.
123 Washington Street
Newark, New Jersey 07102

   *Attorneys for Plaintiffs Hackensack Riverkeeper, Inc., Raritan Baykeeper, Inc. (D/b/a NY/NJ Baykeeper), William Sheehan and Andrew Willner*

WOLFF & SAMSON, P.C.
John A. McKinney, Jr., Esq.
One Boland Drive

1

Hackensack, New Jersey 07052

> *Attorneys for Defendants, Delaware Ostego Corp. And New York Susquehanna & Western Railway Corp.*

WILENTZ GOLDMAN & SPITZER, P.A.
Francis X. Journick, Jr., Esq.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, New Jersey 07095

> *Attorneys for Defendants OnTrack Loading Co., Inc., Cardella Trucking Co., Inc., and Cardella Waste Services of New Jersey, Inc.*

**DEBEVOISE, Senior District Judge**

This matter comes before the court on Defendants' New York Susquehanna and Western Railway Corporation and Delaware Otsego Corp. (collectively, "NYS&W") motion for reconsideration of that portion of the court's September 11, 2006 Order granting Plaintiffs' motion for summary judgment on NYS&W's Eighth Affirmative Defense which reads:

> The Complaint should be dismissed because as it seeks to apply [the federal Resource Conservation and Recovery Act] RCRA, RCRA is displaced and preempted by the Interstate Commerce Act, as amended (including without limitation 49 U.S.C. §§ 10102, 10501).

In its moving papers, NYS&W challenges the court's Order concerning NYS&W's Eighth Affirmative Defense in that neither party sought the ruling; the ruling was unnecessary to determine whether the court had subject matter jurisdiction; the ruling overlooked significant law and information; and the ruling was based upon clear errors of law.

Additionally, NYS&W seeks to vacate the Section of the September 11, 2006 Order of the court which grants Plaintiffs' motion for partial summary judgment striking all of NYS&W's

2

preemption affirmative defenses based upon the court's determination that, as a matter of law, "transloading activities do not involve 'transportation by rail carriers.'"

Because the background and the court's analysis was presented in great detail in its September 11, 2006 Opinion and for reasons of judicial economy, it will not be repeated here.

During the course of the parties' briefing of the summary judgment motion, NYS&W clarified its position, stating that it will not assert that ICCTA wholly preempts all provisions of RCRA. Instead, its position was that to the extent Plaintiffs' claim attempts to stretch RCRA's provisions to unreasonably interfere with railroad operations, that portion of their claim, as applied, would be displaced by ICCTA.

In its moving brief, NYS&W advances a number of reasons why the preemption portion of the court's September 11 Order should be vacated: i) it is unnecessary and rendered moot in light of the court's dismissal of the case for failure to state a claim; ii) ICCTA preemption is not jurisdictional and did not have to be decided before ruling on Defendants' motion to dismiss; iii) the court's reliance on J.P. Rail v. New Jersey Pinelands Commission, No. 05-2755 (D.N.J. Dec. 22, 2005) and Hi Tech Trans, LLC v. State of New Jersey, 382 F.3d 295 (3d Cir. 2004) was misplaced; and iv) there were issues of fact as to whether the Defendants' activities constituted transportation by rail carrier under 49 U.S.C. § 10501(b).

These are far from frivolous contentions. They were addressed at least to a limited extent, or could have been addressed, during the motion proceedings, and technically, this fact might call for denial of the instant motion on the ground that it fails the requirement of Local Rule 7.1(i) that the moving party must show that the judge, in reaching his prior decision, overlooked dispositive factual matters or controlling decisions of law. It is insufficient simply to establish that the judge

decided wrongly.

Here, however, there was one matter of which the court was unaware or did not pay adequate attention to. In a parallel case involving the same transload facilities, NYS&W v. Jackson, et al., D.N.J. Civ. Action No. 05-4010, Judge Hayden was addressing the preemption issue. This court was, of course, aware of that case generally, but was unaware that the State had conducted extensive discovery designed to explore NYS&W's contention that the State's attempted regulation of the Transload Facilities is preempted by ICCTA, that Judge Hayden held a two-day evidentiary hearing on that question and that Judge Hayden directed the parties to submit final briefing on the question of the scope and effect of preemption with respect to NYS&W's operation of Transload Facilities. Opening briefs were due after the date of this court's September 11, 2006 Opinion.

Perhaps this court is at fault for not having kept in closer communication with Judge Hayden on the status of the case before her. Had the court been aware of the extent to which the parties and court in that case had prepared to address the preemption issue, it would have been presumptuous to have exercised its discretion to address that issue in this case.

In these circumstances, the appropriate course of action is to grant Defendants' motion for reconsideration and to amend Paragraph 1.(i) of the court's September 11, 2006 Order to read: "i) Plaintiff's motion for summary judgment striking all preemption affirmative defenses is dismissed without prejudice to Plaintiffs' right to renew the motion if it files an amended complaint and if Defendants raise a preemption defense."

It will also be appropriate to include in the Order a provision striking that portion of the court's September 11, 2006 Opinion that addresses the subject of preemption and amending item i) in the first sentence of the Conclusion of the Opinion to read: "i) Plaintiffs' motion for summary

4

judgment striking all preemption affirmative defenses is dismissed without prejudice to Plaintiffs' right to renew the motion if it files an amended complaint and if Defendants raise a preemption defense."

Plaintiffs will suffer no prejudice. They have filed an amended complaint. Presumably, Defendants will include in their answer a preemption affirmative defense. Plaintiffs will be able to move for summary judgment. The court and the parties will have the benefit of Judge Hayden's disposition of the preemption motions pending in the case before her.

The court will enter an appropriate order implementing this opinion.

    /s/ **Dickinson R. Debevoise**
November 16, 2006                       DICKINSON R. DEBEVOISE
                                                U.S.S.D.J.