**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                             :

HACKENSACK RIVERKEEPER, INC.,    :
RARITAN BAYKEEPER, INC. (d/b/a    :
NY/NJ BAYKEEPER), WILLIAM       :
SHEEHAN and ANDREW WILLNER,   :
          Plaintiffs,             :
                             :          Civil Action 05-4806 (DRD)
v.                          :
                             :          **OPINION**
DELAWARE OTSEGO CORP., THE     :
NEW YORK, SUSQUEHANNA &      :
WESTERN RAILWAY CORP.,       :
MILLENNIUM RESOURCE RECOVERY, :
LTD., CROSSROADS RECYCLING, INC.,:
RAILTECH, L.L.C., ONTRACK       :
LOADING CO., INC., (d/b/a ONTRACK :
LOADING CO., L.L.C. AND LIBERTY :
CONTRACTING), CARDELLA      :
TRUCKING CO., INC., and CARDELLA :
WASTE SERVICES OF NEW JERSEY, :
INC.                           :
          Defendants.          :
_____ :

Appearances by:

Rutgers Environmental Law Clinic
Carter Strickland, Esq.
123 Washington Street
Newark, New Jersey 07102

    _Attorneys for Plaintiffs Hackensack Riverkeeper, Inc., Raritan Baykeeper, Inc. (D/b/a_
    _NY/NJ Baykeeper), William Sheehan and Andrew Willner_

Wolff & Samson, P.C.
John A. McKinney, Jr., Esq.
One Boland Drive
Hackensack, New Jersey 07052

*Attorneys for Defendants Delaware Otsego Corp. and New York Susquehanna & Western Railway Corp.*

Wilentz Goldman & Spitzer, P.A.
Christine Petruzzell, Esq.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, New Jersey 07095

*Attorneys for Defendants OnTrack Loading Co., Inc., Cardella Trucking Co., Inc., and Cardella Waste Services of New Jersey, Inc.*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on Defendants' OnTrack Loading Co., Inc., Cardella Trucking Co., Inc., and Cardella Waste Service of New Jersey, Inc. (collectively referred to as "Cardella Defendants") motion to dismiss Plaintiffs' claims against them in the Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Prior to hearing oral argument on the Cardella Defendants' motion, Judge Hayden issued an opinion and order in an action that was closely related to the instant action.  The parties, therefore, were invited to brief the Court on the impact of Judge Hayden's decision on this action.

For the reasons cited in this Opinion, Cardella Defendants' R. 12(b)(6) motion to dismiss will be granted and the Second and Seventh Claims of Plaintiffs' Amended Complaint against them will be dismissed with prejudice.

2

## BACKGROUND

The background to this action, including the procedural history, is set forth in the previous opinions of the Court, dated September 11, 2006 (Plaintiffs' Motion for Summary Judgment Striking Three Affirmative Defenses and Defendants' Cross- Motion for Dismissal) and November 16, 2006 (Defendants' Motion for Reconsideration).  That background need not be repeated here.

Following the September 11, 2006 Opinion and Order of the Court, however, Defendants New York, Susquehanna and Western Railway Corp. ("NYS&W") and Delaware Otsego Corp. moved for reconsideration of that portion of the Court's September 11, 2006 order granting Plaintiffs' motion for summary judgment on NYS&W's Eighth Affirmative Defense.[1] Additionally, NYS&W sought to vacate the section of the September 11, 2006 order granting Plaintiffs' motion for partial summary judgment striking all of NYS&W's preemption affirmative defenses based upon the court's determination that, as a matter of law "transloading activities do not involve 'transportation by rail carriers.'"

Upon review, the Court granted NYS&W's motion because "there was one matter of which the court was unaware or did not pay adequate attention to.  In a parallel case involving the same transload facilities . . . Judge Hayden was addressing the preemption issue" and "[t]he court and the parties will have the benefit of Judge Hayden's disposition of the preemption motions pending in the case before her."

Prior to the Court's Opinion and Order granting NYS&W's motion for reconsideration,

---

[1] NYS&W's Eighth Affirmative Defense reads: "The Complaint should be dismissed because[,] as it seeks to apply RCRA, RCRA is displaced and preempted by the Interstate Commerce Act, as amended (including without limitation 49 U.S.C. §§ 10102, 10501)."

Plaintiffs, on October 10, 2006, filed an Amended Complaint citing that their "citizen suit seeks redress for five unregulated solid waste facilities that operated as open dumps and discharged solid waste into the environment in violation of federal law, and requests declaratory, injunctive and other relief to correct those violations and to prevent future violations." Plaintiffs noted that the Amended Complaint "arose out of the same conduct, transactions, or occurrences as the claims in the original Complaint that was filed on October 3, 2005," and that "Claims One through Five of this Amended Complaint relate back to the original Complaint pursuant to Fed. R. Civ. P. 15(c)."

NYS&W issued an Answer to the Amended Complaint "deny[ing] any and all liability in this matter," and cross-claimed against Defendants OnTrack Loading Co., Inc. and Cardella Trucking Co., Inc., claiming that they signed agreements that were "to protect and indemnify" them against claims, liabilities, losses or expenses. NYS&W also cited common law claims of contribution, indemnification and unjust enrichment against OnTrack Loading and Cardella Trucking.

On November 15, 2006, Cardella Defendants moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice the Second[2] and Seventh[3] Claims, contained in Plaintiffs' Amended Complaint, for failure to state a claim upon which relief may be granted. Asserting

---

[2]The Second Claim asserts that Cardella Defendants "received, stored and processed materials that constitute solid waste within the meaning of 42 U.S.C. § 6903(27)," the Resource Conservation and Recovery Act ("RCRA") at the 43rd Street facility.

[3]The Seventh Claim asserts that Cardella Defendants have "contributed to, and/or are contributing to, the past and present handling, treatment, and/or disposal of solid waste which may present an imminent and substantial endangerment to public health and/or the environment within the meaning of 42 U.S.C. 6972(a)(1)(B)" at the 43rd Street facility.

4

that Plaintiffs' Amended Complaint  sought a "declaration that [Cardella] Defendants have

contributed to an imminent and substantial endangerment within the meaning of 42 U.S.C. §

6972(a)(1)(B)" and an "order permanently enjoining Defendants from operating any solid waste

management Facility that does not conform to the requirements of RCRA, EPA regulations and

other applicable regulations," Cardella Defendants argued that, because operations at the 43rd

Street facility have ceased and the facility has been dismantled and removed, Plaintiffs' claims

under RCRA are moot and should be dismissed.

NYS&W opposed Cardella Defendants' motion to dismiss, alleging that Cardella

Defendants have failed to show that Plaintiffs' claims, that "operations at the 43rd Street Facility

have caused and continue to cause the contamination of a potential underwater drinking source,"

are moot.

Prior to oral argument on Cardella Defendants' motion to dismiss, on February 21, 2007,

Judge Hayden rendered a thorough and well-reasoned opinion and order in the related case of

New York, Susquehanna and Western Railway v. Jackson,[4]  expressly rejecting the argument

advanced by the state of New Jersey that the NYS&W North Bergen facilities are waste disposal

facilities.  After extensive discovery into the issue of whether the facilities are "transload

facilities" or "solid waste transfer facilities," Judge Hayden determined that "the facilities in

North Bergen serve a singular purpose - to load cargo for eventual shipment to out-of-state

destinations" and, as such, the "facilities are rail transload facilities - nothing else." Judge

Hayden held that because the "transload facilities and equipment constitute 'transportation' under

ICCTA [Interstate Commerce Commission Termination Act], . . .the North Bergen facilities

---

[4]2007 WL 576431 (D.N.J. Feb. 21, 2007).

constitute transportation . . . by rail carrier" and fall within ICCTA's express preemption of remedies provided under state law.

Upon the request of this Court, the parties provided additional briefing concerning the effect of <u>Jackson</u> on the claims brought by Plaintiffs in their Amended Complaint .

## DISCUSSION

Plaintiffs brought their Amended Complaint as a citizen suit under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1).  RCRA, in pertinent part, provides, in general, that  a person  may commence a civil action

> against any person . . . including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

Plaintiffs Second and Seventh Claims are brought against Cardella Defendants and NYS&W.

**Plaintiffs' Claim of "RCRA Open Dumping - 43rd Street"**

Plaintiffs' Second Claim alleges that NYS&W and Cardella Defendants have engaged in "open dumping" at the North Bergen 43rd Street facility in North Bergen, and those operations "constitute disposal[5] of solid wastes within the meaning of [RCRA]."  Plaintiffs assert that such disposal has caused contamination of a potential underground drinking water source in violation of 40 C.F.R. § 257.3-4 ("Section 257.3-4").

_____

[5]Under 42 U.S.C. § 6903(3) "Disposal" is defined as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters."

Cardella Defendants argue that Plaintiffs' claims fail because, in accordance with the provisions of RCRA, Cardella Defendants would have had to have been actively introducing substances into the environment at the time the Amended Complaint was filed.  Cardella Defendants state, and Plaintiffs admit, that operations at the 43rd Street facility ceased in December 2006, prior to Plaintiffs filing of their Amended Complaint.   The Court does not find Cardella Defendants' argument persuasive, however.

Plaintiffs' Amended Complaint, although filed after cessation of operations at the 43rd Street facility, relates back to the original Complaint, which was filed prior to the cessation of operations.  Under Fed. R. Civ. P 15(c)(2), 28 U.S.C.A., an amendment of a pleading "relates back " to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the "conduct, transaction, or occurrence" set forth in the original pleading. Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims.  Here, it is clear that Plaintiffs' Amended Complaint relates back to the original Complaint in that the claims asserted in the Amended Complaint arise from the same conduct, transactions or occurrences of defendants that gave rise to the original Complaint.

Cardella Defendants, however, also challenge the claim on the basis that Plaintiffs have failed to plead sufficient facts to support a viable RCRA claim and, thus, the claims must be dismissed.  In the alternative, Cardella Defendants argue that even if Plaintiffs' claims are found to be viable, the claims are moot because operations at 43rd Street have completely ceased.  The Court agrees.

In deciding a 12(b)(6) motion to dismiss the Court looks "to the face of the complaint and decide[s] whether, taking all of the allegations of fact as true and construing them in a light most

favorable to the nonmovant, plaintiff's allegations state a legal claim."  Hewlett v. Willingboro
Bd. of Educ., 421 F. Supp.2d 814, 814 (D.N.J. 2006).  Here, Plaintiffs have failed to establish a
legally cognizable claim under RCRA.

Although Plaintiffs assert that they found excessive levels of contamination of lead,
mercury and arsenic in un-contained surface water, they failed to identify the 43rd Street facility
as the specific source of contamination.  But, even if Plaintiffs proved that the 43rd Street was the
specific site at which the excessive contamination was found, Plaintiffs have failed to identify
that the contamination migrated beyond the "solid waste boundary" as defined in Section 257.3-
4.  Further, even if Plaintiffs successfully established the preceding two criteria, the claim still
fails because they have not established that there is a underground drinking water source at the
43rd Street facility and, beyond that, that it is contaminated.

Plaintiffs' claim, in fact, refers only to a "potential" underground drinking water source.
Section 257.3-4 of the regulations defines an underwater drinking source as "[a]n aquifer
supplying drinking water for human consumption."  The clear language of the regulations refers
to a current source of drinking water – one which is actively *supplying* drinking water -- not a
potential source.

For these reasons, the Court finds that Plaintiffs claims do not constitute a legally
cognizable claim under RCRA.  On this basis, the Court will grant Cardella Defendants' motion
to dismiss Plaintiffs' Second Claim of RCRA Open Dumping at the 43rd Street facility.

**Plaintiffs' Claim of "RCRA Imminent and Substantial Endangerment - 43rd Street"**

Plaintiffs' Seventh Claim alleges that NYS&W and Cardella Defendants "past . . .

8

handling . . . of solid waste . . . present[s] an imminent and substantial endangerment to public health and/or the environment" under RCRA within the meaning of 42 U.S.C. § 6972(a)(1)(B)."

The provisions of RCRA, however, do not permit a cause of action which alleges that a facility "posed . . . an endangerment at some time in the past."  Meghrig v. KFC Western, Inc., 516 U.S. 479, 488 (1996).  The Court held that

> Section 6972(a)(1)(b) permits a private party to bring suit only upon a showing that the solid or hazardous waste at issue "may present an imminent and substantial endangerment to health or the environment."  The meaning of this timing restriction is plain: An endangerment can only "be imminent" if it "threaten[s] to occur immediately . . . and the reference to waste which "may present" imminent harm quite clearly excludes waste that no longer presents such a danger.  As the Ninth Circuit itself intimated in *Price v. United States Navy*, 39 F. 3d 1011, 1019 (9th Cir. 1994), this language "implies that there must be a threat which is present now, although the impact of the threat may not be felt until later."

Id. at 485-86.

Endangerment  must give "reasonable cause for concern that someone or something may be exposed to a risk of harm *if remedial action is not taken."*  Interfaith Comm. Org. v. Honeywell Int'l, Inc., 339 F.3d 248 (3d Cir. 2005).

Cardella Defendants state that their operations at the 43rd Street facility ceased as of December 12, 2005, the waste has been hauled away, and the facility has been dismantled and removed.  Citing the Meghrig decision, they argue, therefore, that the provisions of RCRA do not support a cause of action against the closed facility.

Plaintiffs admit that Cardella Defendants have ceased operations at the 43rd Street facility but assert that "contaminates from the waste remain at the site and that the effects of past discharges have not been corrected."  Cessation of operations at the 43rd Street facility, they

argue, does not preclude their claims for injunctive and declaratory relief to prevent future damage to the environment by Cardella Defendants.  Further, pointing to Cardella Defendants' commencement of operations at a new location, Plaintiffs argue that it is not "absolutely clear" that Cardella Defendants will not resume operations at 43rd Street.  See Friends of the Earth v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 708 (2002).

Cardella Defendants argue that because the waste has been removed from the defunct facility, under the terms of Meghrig, it can no longer present "an imminent and substantial endangerment to health or the environment," and there is no likelihood that operations will be resumed there.  Thus, Cardella Defendants conclude, there is no longer a current case or controversy between them, the issue is moot, and, as a result, the Court is required to dismiss the Amended Complaint against them.

Article III of the Constitution of the United States limits the jurisdiction of the courts to an existing case or controversy.  DeFunis v. Odegaard, 416 U.S. 312, 216 (1974).  Although a controversy may exist at the inception of the case, if at any time the controversy ceases to exist, the court must dismiss the case.  Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1977).  Actions for injunctive or declaratory relief must also be dismissed if the controversy ceases to exist..  Williams v. Alioto, 549 F.2d 136, 141 n. 4 (9th Cir. 1977).  A district court also lacks jurisdiction over a case that becomes moot.  Vestcom Int'l Inc. v. Chopra, 114 F. Supp.2d 292, 296 (D.N.J. 2000).  If a defendant has discontinued the challenged activities, and there is no reasonable expectation that the wrong will be repeated, the case is moot. Jersey Cent. Power & Light Co. v. Lacey, 772 F.2d 1103, 1108 (3d Cir.1985).  Plaintiffs bear the burden of demonstrating the existence of the jurisdiction of the Court.   Vestcom, 114 F. Supp.2d at 297.

"[Section] 6972(a) was designed to provide a remedy that ameliorates present or obviates the risk of future "imminent" harms, not a remedy that compensates for past cleanup efforts. Meghrig, 516 U.S. at 486. The removal of the waste at, and the closing of, the 43rd Street facility are remedial actions that have already been taken. The Court, therefore, finds the issue is moot because the site can no longer constitute an imminent and substantial endangerment under the provisions of RCRA.

The last issue to be address is the likelihood that Cardella Defendants will resume operations at the 43rd Street facility. At this juncture, the Court finds Judge Hayden's analyses and findings in Jackson particularly instructive, and applicable, to the case at hand. She conducted extensive discovery regarding such issues as the nature and operation of the facilities and the relationship between NYS&W and Cardella Defendants. She held a two-day evidentiary hearing, which included fact and witness testimony, and she called for a final briefing by the parties with respect to NYS&W's operation of transload facilities. Judge Hayden concluded that the 43rd Street was "permanently closed." This leaves no doubt in the Court's mind that the facilities are closed and will not be re-opened.

These circumstances render Plaintiffs' Amended Complaint as to Cardella Defendants moot. Because the issue is moot, the Court is unable to grant either injunctive or declaratory judgment to Plaintiff, and the Court will dismiss the claims.

## CONCLUSION

Plaintiffs have failed to plead sufficient facts to support a viable claim under RCRA and Plaintiffs claims are moot in that the 43rd Street facility is closed, the materials have been removed, the facility has been dismantled and there is no reasonable likelihood that it will

11

reopen.  Therefore, Plaintiffs' Second and Seventh Claims will be dismissed against the Cardella

Defendants.  An appropriate order follows.


/s/ Dickinson R. Devevoise
Dickinson R. Debevoise U.S.S.D.J.


Dated: April 17th, 2007