<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
HACKENSACK RIVERKEEPER, INC., :
RARITAN BAYKEEPER, INC. (d/b/a :
NY/NJ BAYKEEPER), WILLIAM :
SHEEHAN and ANDREW WILLNER, :
      Plaintiffs, :
: Civil Action 05-4806 (DRD)
v. :
: **OPINION**
DELAWARE OTSEGO CORP., THE :
NEW YORK, SUSQUEHANNA & :
WESTERN RAILWAY CORP., :
MILLENNIUM RESOURCE RECOVERY, :
LTD., CROSSROADS RECYCLING, INC.,:
RAILTECH, L.L.C., ONTRACK :
LOADING CO., INC., (d/b/a ONTRACK :
LOADING CO., L.L.C. AND LIBERTY :
CONTRACTING), CARDELLA :
TRUCKING CO., INC., and CARDELLA :
WASTE SERVICES OF NEW JERSEY, :
INC. :
      Defendants. :
_____ :

Appearances by:

Rutgers Environmental Law Clinic
Carter Strickland, Esq.
123 Washington Street
Newark, New Jersey 07102

> *Attorneys for Plaintiffs Hackensack Riverkeeper, Inc., Raritan Baykeeper, Inc. (D/b/a NY/NJ Baykeeper), William Sheehan and Andrew Willner*

Wolff & Samson, P.C.
John A. McKinney, Jr., Esq.
One Boland Drive
Hackensack, New Jersey 07052

> *Attorneys for Defendants Delaware Otsego Corp. and New York Susquehanna & Western Railway Corp.*

Wilentz Goldman & Spitzer, P.A.
Christine Petruzzell, Esq.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, New Jersey 07095

> *Attorneys for Defendants OnTrack Loading Co., Inc., Cardella Trucking Co., Inc., and Cardella Waste Services of New Jersey, Inc.*

**DEBEVOISE, Senior District Judge**

Plaintiffs have filed a motion, pursuant to Local Civil Rule 7(i), for reconsideration of the Court's April 17, 2006 order granting the Cardella Defendants' motion for summary judgment for Plaintiffs' failure to plead sufficient facts to support their claims regarding the Cardella Defendants' operations at the 43rd Street transloading facility located in North Bergen, New Jersey. Plaintiffs argue that the Court overlooked applicable liberal pleading rules, the allegations in their Amended Complaint concerning safety, groundwater contamination, and the present risk of harm from waste remaining at the site, as well as their request for relief in the form of declaratory judgment.

For the reasons that follow, Plaintiffs' motion for reconsideration will be denied because Plaintiffs have failed to show that the Court overlooked these matters.

## BACKGROUND

The background to this motion has been sufficiently set forth in prior opinions of the Court and need not be repeated here other than to say that, on April 17, 2007, the Court ruled that Plaintiffs' Amended Complaint failed to state a claim against Defendants, Cardella Waste Services of New Jersey, Inc., Cardella Trucking Co., Inc., and OnTrack Loading Company, Inc.

(collectively referred to as the "Cardella Defendants"), and dismissed Plaintiffs' claims concerning the Cardella Defendants' operations at the 43rd Street Facility.  In making its ruling, the Court considered Plaintiffs' Amended Complaint, the brief in support of the motion to dismiss submitted by the Cardella Defendants, the briefs in opposition to the Cardella Defendants' motion, filed by both Plaintiffs and Defendants Delaware Otsego Corp. and the New York Susquehanna and Western Railway Corp., the reply brief submitted by the Cardella Defendants, the parties' supplemental briefs on the effect of the decision in New York, Susquehanna and Western v. Jackson[1] on the claims brought by Plaintiffs in their Amended Complaint, and the oral arguments of the parties.

Although a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would generally only look to the alleged facts to determine whether dismissal was merited, "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."  S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  Therefore, the Court also considered pertinent portions of the Resource Conservation and Recovery Act ("RCRA") regulations and various publications of the United States Environmental Protection Agency ("EPA") concerning the RCRA regulations, as well as Judge Hayden's well-reasoned opinion in Jackson.

## DISCUSSION

In spite of the extensive briefing and oral arguments of the parties, Plaintiffs' motion for reconsideration asserts that the Court overlooked controlling law, namely, the liberal pleading standard, their allegations regarding safety at the 43rd Street Facility, regulatory requirements

---

[1] 2007 WL 576431 (D.N.J. Feb. 21, 2007).

addressing groundwater contamination of potential drinking water supplies, their allegations regarding, and elements of, an imminent and substantial endangerment claim, and their claim for declaratory judgment relief. Plaintiffs, however, have failed to show that the Court overlooked any of their claims. Instead, Plaintiffs merely state their disagreement with the Court's analysis and conclusion.

**Motion for Reconsideration Pursuant to Local Civil Rule 7.1(i)**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). Id.

In the District of New Jersey, however, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L.Civ.R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).

The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L.Civ.R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp. 2d at 345.

That a legal argument was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. Eichorn v. AT & T Corp., 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (An argument is not deemed overlooked because it is not specifically addressed in a court's opinion). An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. Id.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), *aff'd*, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n. 3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n. 3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal

Ware, Inc., 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through - rightly or wrongly. Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). Any difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

Plaintiffs assert that the Court overlooked controlling law, namely, the liberal pleading standard and failed to draw all reasonable inferences from the allegations made in their Amended Complaint. They argue that on a motion to dismiss they are not required to show that, ultimately, they will prevail on the issues, and that dismissal is appropriate only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.

The substance of Plaintiffs' argument, however, is that the Court came to the wrong conclusion, not that the Court overlooked controlling standards and law. A court, in considering

a Rule 12(b)(6) motion to dismiss, must reasonably read the complaint and decide whether plaintiffs have pled a cognizable cause of action entitling them to relief.  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Although in making this determination, a court accepts as true all of the well-pleaded factual allegations within the complaint, and any reasonable inferences drawn therefrom, the court need not consider a plaintiff's bald assertions or legal conclusions.  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

      The Court engaged in a detailed analysis and discussion of Plaintiffs' allegations of RCRA open dumping violations and claims of imminent and substantial endangerment at the 43rd Street Facility and found that Plaintiffs failed to plead a cognizable cause of action.  Where plaintiffs disagree with the opinion of the court, the proper course of action is appeal, not reconsideration.

      Further, Plaintiffs assert that the Court did not address their allegations that the Cardella Defendants created a fire and safety hazard at the 43rd Street Facility and ask the Court to reconsider this issue.

      Plaintiffs did not address specifically the safety aspects in their brief in opposition to the Cardella Defendants' motion to dismiss.  Nonetheless, the Court considered their allegations as set forth in their Amended Complaint and the argument raised in their responsive briefs that the Cardella Defendants' motion ignored the Second Claim of the Amended Complaint.  While it is true that the Court did not make specific reference to Plaintiffs' fire and safety hazard allegations, this does not mean that the Court overlooked them.  The Court considered and rejected Plaintiffs' claims and arguments concerning RCRA open dumping violations at the 43rd Street Facility.  Under the strict standard of R. 7.1(i), reconsideration of Plaintiffs' safety issues is not warranted.

Similarly, Plaintiffs' arguments that the Court overlooked the regulatory requirements concerning groundwater contamination are equally baseless. The opinion devoted several paragraphs to this subject, including specific reference to § 257.3-4 of the regulations. Plaintiffs' motion, in fact, acknowledges that "[t]he Court found [their] allegations insufficient . . ." concerning potential sources of drinking water, the migration of contaminates beyond the solid waste boundary, and lead, mercury, and arsenic contamination at the 43rd Street Facility. Again, where plaintiffs disagree with the Court's analysis and determinations, reconsideration is inappropriate.

Nor did the Court overlook Plaintiffs' claims concerning imminent and substantial endangerment and the relevant allegations in their Amended Complaint. These claims were presented in the Amended Complaint and argued in Plaintiffs' opposition to the Cardella Defendants' motion to dismiss. The Court's opinion summarized Plaintiffs' claims and discussed them in light of the Jackson findings regarding the operational status of the facility, the provisions of RCRA, and relevant case law.

Plaintiffs, however, raise the same points here and provide an additional four pages of argument designed to convince the Court that it erred in making its decision. Plaintiffs state that, had the Court accepted their allegations as true, "it could not have held [as it did]." Again, such disagreement inappropriately asks the Court to rethink what it has already thought through.

Last, Plaintiffs assert that the Court overlooked their claim for declaratory judgment concerning their assertions that the railroad seeks to open a proposed replacement facility at the 43rd Street site and that remedial action is still necessary to remove any remaining waste or groundwater contaminates. These points were fully addressed by Plaintiffs, either in their briefs

or at oral argument.  Given Plaintiffs' extensive treatment of these issues, they cannot claim that the Court has overlooked them.  That Plaintiffs present them again through a motion for reconsideration is inappropriate, and they will not be considered further.

## CONCLUSION

Because the standard for reargument is high and reconsideration is to be granted only sparingly, a motion for reconsideration is improper where it is used to ask the Court to rethink what is had already thought through.

The issues raised in Plaintiffs' motion for reconsideration were previously submitted to the Court either through their Amended Complaint, briefs, or oral argument.  The Court considered Plaintiffs' allegations and arguments and made a decision to dismiss them for failure to state a claim upon which relief may be granted.  Thus, it is not that the Court overlooked these issues as Plaintiffs allege, but that Plaintiffs simply disagree with the Court's decision.  Plaintiffs' motion for reconsideration will be denied.  An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: June 14, 2007